### TABLER, CRUDUP & CO. *v.* B. F. BRYANT.

1. PARTNERS. *Summons served on one. Effect as to others.*
   In a suit against partners, the service of a summons on one is not service as to the others, either at common law or under any statute of this State.

2. SAME. *One summoned. Judgment against all. Record under § 1519, Code 1880.*
   If, in a suit against partners, a justice of the peace render a judgment against all of "said defendants," while one only has been summoned, such judgment should be set aside when taken before the circuit court by a *certiorari*, if it does not appear by the return on the summons, or elsewhere in the record, that the defendants not summoned were non-resident or could not be found, as contemplated by § 1519 of the Code of 1880.

APPEAL from the Circuit Court of Jones County.

HON. A. G. MAYERS, Judge.

A statement of the case will be found in the opinion of the court.

*Hardy & Miller* and *L. Brame*, for the appellants.

1. The judgment by default was erroneous because the summons was not served five days before the return day.

2. The writ was executed by personal service on E. A. Nesbit, who is not named as one of the defendants and who is nowhere mentioned as a member of the firm except in the return of the officer. There was no legal service as to the firm or any of the partners, and the judgment was void.

3. The record not only fails to show that Nesbit was a partner in the firm of Crudup, Tabler & Co., but it is nowhere alleged or shown that the other partners were non-residents of the State or could not be found. Hence the service was not good under § 1519 of the Code 1880.

No counsel for appellee in this court.

ARNOLD, J., delivered the opinion of the court.

B. F. Bryant sued Crudup, Tabler & Co. before a justice of the peace. The individual names of the members of the firm do not appear in the account sued on or in the summons issued by the justice of the peace. The summons issued by the justice of the peace was made returnable on the 19th day of February, 1883. The sheriff returned that on the 17th day of February, 1883, he executed the writ " by personal service on E. A. Nesbit, one of the company of Crudup, Tabler & Co." On the 19th day of February, 1883, judgment by default was rendered against " said defendants," and subsequently a writ of inquiry was awarded to ascertain plaintiff's damages.

Afterward, on petition of Tabler, Crudup & Co., the cause was removed to the circuit court by *certiorari,* and upon examination of the record the judgment of the justice of the peace was affirmed and the defendants appealed.

Several errors are apparent on the record and proceedings of the justice of the peace. The summons issued by him in the case was not executed five days before the return day, as required by law. Code, § 2196. Assuming that Nesbit, the only party served, was a member of the firm sued, the return is fatally defective because it does not show, nor does it appear from the record, that the other members of the firm were non-residents or could not be found. Code, § 1519.

The judgment of the justice of the peace was joint and several against all the defendants for the amount for which suit was brought, but service of the summons on one of the partners was no notice to other members of the firm either at common law or by the statute. *Pittman et al.* v. *The Planters' Bank,* 1 How. 527 ; *Demoss* v. *Brewster et al.,* 4 S. & M. 661 ; *Fuqua et al.* v. *Tindal,* 11 Ib. 465.

In actions against partners some of whom are non-residents or cannot be found, only the partnership assets and those served with process are bound by the judgment. Code, § 1519. The judgment of the justice of the peace should have been reversed and the cause tried *de novo* in the circuit court. Code, § 2358.

*Reversed.*